**Nadarajh RAMSAMEACHIRE,**
**Petitioner,**

v.

**Alberto R. GONZALES, United States**
**Attorney General, Respondent.**

**No. 05–5056–ag.**

United States Court of Appeals,
Second Circuit.

July 31, 2006.

Visuvanathan Rudrakumaran, New York, NY, for Petitioner.

Daniel G. Bogden, United States Attorney, District of Nevada, Robert Ellman,

Chief, Appellate Division, Camille Damm, Assistant United States Attorneys, Las Vegas, NV, for Respondent.

Present GUIDO CALABRESI, SONIA SOTOMAYOR and RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Nadarjh Ramsameachire, a citizen of Sri Lanka, petitions for review of the BIA's order affirming Immigration Judge ("IJ") Robert Abrams' decision denying his request for withholding of removal under the Convention Against Torture ("CAT") relief. We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA issues an opinion that fully adopts the IJ's decision, this Court reviews the IJ's decision. *See, e.g., Chun Gao v. Gonzales,* 424 F.3d 122, 124 (2d Cir.2005); *Secaida–Rosales v. INS,* 331 F.3d 297, 305 (2d Cir.2003). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). An adverse credibility determination must be based on "specific, cogent reasons" that "bear a legitimate nexus" to the finding. *Secaida–Rosales,* 331 F.3d at 307.

■ Ramsameachire argues that, on remand, the IJ should have reconsidered his application for asylum based on his past experience and the fact that he left Sri Lanka with illegal documents. In the present case, the remand order came from this Court in *Ramsameachire v. Ashcroft,* 357 F.3d 169 (2d Cir.2004), which specifically affirmed the IJ's denial of Ramsameachire's asylum and withholding claims and remanded solely the CAT claim to the BIA. The IJ's determination was correct. This Court's decision on the asylum and withholding claim in *Ramsameachire,* 357

F.3d 169, became the law of the case. *See United States v. Quintieri,* 306 F.3d 1217, 1229 (2d Cir.2002) (the law of the case ordinarily "forecloses relitigation of issues expressly or impliedly decided by the appellate court").

Ramsameachire, through counsel, argued at his remand hearing that his CAT claim was based on four factors: (1) his Tamil ethnicity; (2) his past experiences with torture in Sri Lanka; (3) the fact that he left Sri Lanka using false documents; and (4) the fact that he sought asylum in the United States.

■ The BIA and IJ agreed that Ramsameachire's claim that he will be tortured because he sought asylum in the United States is speculative and too remote. These determinations were reasonable, as there is no probative evidence in the record to support Ramsameachire's assertion that returned asylum seekers in Sri Lanka are more likely than not to be tortured.

■ Next, the IJ reasonably determined that Ramsameachire's testimony, that he fears that he will be tortured based on his use of false documents and his past experiences of torture, was inconsistent with the testimony at his 2000 asylum hearing. At his remand hearing, Ramsameachire testified that he left Sri Lanka using another individual's passport, yet in his testimony at the 2000 hearing Ramsameachire testified that he left Sri Lanka with a passport in his own name. Moreover, at the remand hearing, Ramsameachire testified about injuries and methods of torture that he experienced, which he failed to mention at the 2000 hearing. The IJ reasonably rejected the explanations Ramsameachire offered. As such, the IJ's determination is supported by substantial evidence in the record.

■ Finally, the IJ determined that the background documents submitted by Ram-

sameachire do not indicate a blanket rule that if he returns to Sri Lanka he would in fact be tortured because he is Tamil. The IJ noted that Ramsameachire's claim would be viewed differently if he were a notorious member of the LTTE, or even if he had strong ties to the LTTE. While the country reports clearly indicate that there are cases of human rights violations within certain groups in Sri Lanka, the IJ's finding that Ramsameachire's Tamil ethnicity alone is not enough for a finding that it is more likely than not that he will be tortured upon return to Sri Lanka, is reasonable.

For the foregoing reasons, the petition for review is DENIED.